UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MORRIS VERNELL HIRES, JR.,

      Case No. 8:11-Cv-388-T-30TGW
    Petitioner,
           8:07-Cr-120-T-30TGW

v.

UNITED STATES OF AMERICA,

    Respondent.

_____

### ORDER

Before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-109), the Government's response in opposition (Cv-D-3), and Petitioner's reply brief (Cv-D-6).

By way of background, Petitioner was charged in an Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possessing cocaine in violation of 21 U.S.C. § 844(a).  On June 13, 2007, a jury convicted Petitioner of both counts of the Indictment.  On September 11, 2007, the Court sentenced Petitioner to a term of imprisonment of 235 months as to Count One and a term of 12

months as to Count Two, to run concurrent. On June 23, 2008, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

Petitioner filed a motion for new trial on April 7, 2009, which the Court denied by order dated May 11, 2009. Petitioner's appeal of that order was dismissed by the Eleventh Circuit on February 25, 2010, for want of prosecution. Petitioner then filed a motion under 28 U.S.C. § 2241 on October 21, 2010 in Case No. 5:10-Cv-552-Oc-17EAJ. Petitioner's "motion to withdraw," which was construed as a motion to voluntarily dismiss the case, was granted on January 28, 2011.

On February 24, 2011, the Court received Petitioner's § 2255 motion. Petitioner contends that he is actually innocent of the sentencing enhancement under the Armed Career Criminal Act ("ACCA"). He contends that his prior conviction for aggravated assault does not constitute a violent felony under the ACCA.

The Government argues that Petitioner is procedurally barred from raising his claim. It further argues that Petitioner is not actually innocent of the armed career criminal sentencing enhancement.

-2-

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts.   28 U.S.C. §§ 2244(d)(1), 2255.  Unless one of the three exceptions applies as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(1).  If a criminal defendant does not file a petition for writ of certiorari with the Supreme Court on direct review, "§ 2255's one-year limitation period starts to run when the time for seeking such review expires." Clay v. United States, 537 U.S. 522, 532 (2003).

As  indicated  above,  the  Eleventh  Circuit  affirmed Petitioner's sentence on June 23, 2008.   Pursuant to Rule 13.1, Sup.Ct. R., Petitioner had ninety days thereafter, until September 21, 2008, to file a petition for writ of certiorari. Petitioner did not do so, and, as such, his conviction became final on September 21, 2008.  Thus, he had one year from that date, until September 21, 2009, to file a § 2255 motion. Petitioner did not file his motion until February 27, 2011. Washington v. United States, 243 F .3d 1299, 1301 (11th Cir.2001) (ruling that a pro se prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison

authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it). Because Petitioner filed his motion well after the one-year limitations period, Petitioner's is time-barred.

The Court notes that Petitioner appears to argue for the applicability of the exception set forth in 28 U.S.C. § 2255(f)(3), which provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner specifically relies on Johnson v. United States, --- U.S.----, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010), decided on March 2, 2010, wherein the Supreme Court held that the crime of battery under Florida law does not meet the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(I). Petitioner contends that, according to Johnson, his prior crime of aggravated assault no longer qualifies as a violent felony for purposes of sentencing under the ACCA. .

First, Petitioner's reliance on Johnson is misplaced. Johnson does not address the Florida aggravated assault

statute.  Rather, the Supreme Court in <u>Johnson</u> found that the an "intentional touching" under the Florida battery statute did not qualify as a violent felony because the "physical force" required under Florida law did not constitute violent force.  130 S.Ct. at 1270-73.

Furthermore, thus far, <u>Johnson</u> has not been applied retroactively to post-conviction motions by the Eleventh Circuit.  Moreover, this Court finds that <u>Johnson</u> did not recognize a new right.  It is merely an application of <u>Begay v. United States</u>, 553 U.S. 153, 128 S.Ct. 1581 (2008), in which the Supreme Court established a new standard for determining whether a prior conviction qualifies as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e).  As such, <u>Johnson</u> is not applicable on collateral review and therefore provides no relief for Petitioner. Petitioner's motion was filed more than a year after the <u>Begay</u> decision, and therefore is time-barred.

As indicated, Petitioner also claims actual innocence which may excuse the untimely filing of a § 2255 motion. <u>United States v. Montano</u>, 398 F.3d 1276, 1284 (11th Cir. 2005). Petitioner, however, essentially claims that he is innocent of a sentencing classification rather than an actual

conviction.   Regardless, Petitioner is still not be entitled to relief as he is not actually innocent of the armed career criminal enhancement.

Petitioner was sentenced as an armed career criminal based on his prior convictions for sale of cocaine, aggravated assault, and robbery.  Under the ACCA, a defendant with three prior convictions for a violent felony or serious drug offense shall be imprisoned for not less than 15 years.  18 U.S.C. § 924(e)(I).  A "violent felony" is "a crime punishable by a term of imprisonment exceeding one year that (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ...."  18 U.S.C. § 924(e)(2)(B).

Petitioner does not contest his convictions for sale of cocaine or robbery.  As indicated above, Petitioner claims that his aggravated assault conviction does not constitute a "violent felony" within the parameters of the ACCA. Specifically, Petitioner contends that there is nothing in the record to reflect he was convicted of violating Fla. Stat. §

782.021(1)(a), aggravated assault with a deadly weapon without the intent to kill.

Florida law defines an assault as "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Fla Stat. § 784.011(a). An "aggravated assault" is an assault either (1) with a deadly weapon without the intent to kill or (2) with intent to commit a felony. Fla. Stat. § 784.021.

Recently, the Eleventh Circuit held that the Florida offense of aggravated assault with a deadly weapon constitutes a crime of violence for career offender purposes under U.S.S.G. § 4B1.1.[1] United States v. Dominguez, No. 10-12187, 2011 WL 1758719, at *1 (11th Cir. May 6, 2011) (per curiam).[2] The Court, after looking at the face of the statute and the elements of the prior conviction, explained that "Dominguez's prior conviction qualifies as a "crime of violence" because it

---

[1] The Eleventh Circuit has also found that Florida aggravated assault with a deadly weapon is a crime of violence for purposes of a Sentencing Guidelines enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). United States v. Escobar-Pineda, No. 10-13976, 2011 WL 2183724, at *2 (11th Cir. June 6, 2011) (per curiam) (Unpublished).

[2] Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

involved a "threatened use of physical force against a victim." Id. The Eleventh Circuit has held that a "crime of violence" under the Sentencing Guidelines and a "violent felony" under the ACCA are "virtually identical," and, as such, "decisions about one apply to the other." Gilbert v. United States, 640 F.3d 1293, 1309 n. 16 (11th Cir. 2011).

Prior to Dominguez, the Eleventh Circuit determined the elements of a generic "aggravated assault" to involve "a criminal assault accompanied by the aggravating factors of either the intent to cause serious bodily injury to the victim or the use of a deadly weapon." United States v. Palomino Garcia, 606 F.3d 1317, 1332 (11th Cir. 2010). While the Florida statute under which Petitioner was convicted does not require serious bodily injury to another, it does include use of a deadly weapon. Thus, at the very least, a conviction for aggravated assault with a deadly weapon without the intent to kill constitutes a violent felony under the ACCA.[3] Petitioner, however, argues that it is unclear from his

---

[3]The Seventh Circuit in United States v. Koenig, Case No. 10-1460, 2010 WL 5373875, at *1 (7th Cir. Nov. 20, 2010) (Unpublished decision), found that either subsection of the Florida offense of aggravated assault under Fla. Stat. § 784.021(1) constituted a violent felony under the ACCA.

conviction which part of the statute he was convicted of violating.

Generally, in determining whether a conviction qualifies for enhancement purposes, the courts use the categorical approach which allows the court to look only to the fact of conviction and the statutory definition of the predicate offense. Palomino Garcia, 606 F.3d at 1316 (citing Taylor v. United States, 495 U.S. 575 (1990)). Where, as here, a statute allows for alternative ways for commission of the crime, and the conviction fails to specify which paragraph of the statute was violated, the court may consider the trial record, including, but not limited to, the charging document, plea agreements, and transcripts of plea colloquies. Shepard v. United States, 544 U.S. 13, 26 (2005).

The Information relating to the offense charged that Petitioner violated Fla. Stat. § 784.021 and, significantly, specifically reflects that Petitioner was charged with "intentionally and unlawfully threaten[ing] to do violence ... and did use a deadly weapon, to wit: a firearm...."[4]  (Cv-D-3-1, Attachment A, p.1.)  Petitioner entered a plea of nolo contendre to the offense charged on November 8, 1988, and the

---

[4] On November 8, 1988, the Information was amended to delete the word "firearm" and substitute the word "gun."  Id.

Judgment reflects that Petitioner was convicted of aggravated assault in violation of Fla. Stat. § 784.021. (Id. at p. 1, 2.)

The Court finds that the evidence of record demonstrates that Petitioner was convicted of aggravated assault with a deadly weapon without the intent to kill. As this offense constitutes a "violent felony" and Petitioner has two other violent felonies that he does not contest, Petitioner was properly sentenced as an armed career criminal. Thus, Petitioner is not entitled to the relief he seeks.

The Court ORDERS as follows:

(1)   Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1, Cr-D-109) is DISMISSED for lack of jurisdiction.

(2)  The Clerk is directed to CLOSE the civil case.

### CERTIFICATE OF APPEALABILITY AND

### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a

district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this _12th_ day of August, 2011.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE

-11-